## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS GEIS, individually and on behalf of all others similarly situated, KARA LYNDON, and TIFFANY MORRIS,<br><br>              Plaintiffs,<br><br>v.<br><br>NESTLÉ WATERS NORTH AMERICA INC. and SCOTT KELLY,<br><br>              Defendants. | Civil Action No. 1:17-cv-12165-PBS |

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1

Pursuant to Fed. R. Civ. P. 16, Fed. R. Civ. P. 26(f), Local Rule 16.1, and the Court's Order dated November 9, 2017 (Dkt. 10), plaintiffs Alexis Geis, individually and on behalf of all others similarly situated, Kara Lyndon, and Tiffany Morris, through their counsel, and defendants Nestlé Waters North America Inc. ("NWNA") and Scott Kelly, through their counsel, hereby submit the following Joint Statement:

### I.  General Provisions

#### A.  Applicable Rules

Except as specifically ordered by this Court, the Federal Rules of Civil Procedure and Local Civil Rules for the District of Massachusetts shall apply to this action.

#### B.  Possibility of Prompt Settlement or Alternative Resolution

The parties have discussed settlement consistent with Local Rule 16.1, but do not believe meaningful prospects for settlement exist now.  The parties agree to use a private mediator for settlement discussions in the future.

II.    **Proposed Joint Discovery Plan and Schedule for the Filing of Motions**

The parties propose the following pre-trial schedule:

A.  **Initial disclosures**.  The parties have conferred and propose that:

    i.  Initial disclosures for Counts V and VI of the Amended Complaint (Dkt. 29), as required by Fed. R. Civ. P. 26(a)(1), shall be made on or before April 25, 2018.

    ii.  If required, initial disclosures for Counts I through IV of the Amended Complaint (Dkt. 29), as required by Fed. R. Civ. P. 26(a)(1), shall be made no later than 14 days from the date NWNA files its answer to the class claims, if any exist.

B.  **Motions for Leave to Amend the Pleadings**.  Except for good cause shown, no motion seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after May 28, 2018, unless a ruling by the court makes such an amendment required after said date.

C.  **Completion of Fact Discovery – Interim Deadlines**.

**Defendants**: Defendants believe that fact discovery can be completed by December 3, 2018, and that there is no need to modify any discovery limitations under the Fed. R. Civ. P. 26.  Plaintiffs fail to provide good cause to delay the fact discovery cutoff and justify their need to exceed the number of depositions provided under Fed. R. Civ. P. 26.  Whether a company "policy" exists to offer customers a fixed price for a one year term requires a single Fed. R. Civ. P. 30(b)(6) deposition.  Indeed, Plaintiffs' suggested need to depose multiple third-party customers, call center representatives, and company managers demonstrates that there is no uniform "policy," and no class

could reasonably be certified if the putative class claims survive the motion to dismiss.  Lastly, Plaintiffs make no showing that the parties cannot complete discovery by December 3, 2018—over *eight months* from now.  In any event, to the extent discovery requires more time, any party can seek leave to extend the discovery cutoff deadline at that time.

**Plaintiffs**: Plaintiffs are not yet in a position to agree to a fact discovery cut-off date and anticipate needing more than ten fact depositions.  Plaintiffs submit that discovery should be phased.  NWNA should be obligated to produce all documents within four to six months of receiving a document request from Plaintiffs.  Plaintiffs would provide the request within thirty days.  Plaintiffs ask for phased discovery because they anticipate that NWNA will need to produce a vast amount of documents as to call center notes and computer information as to such notes and billing.  Issues could arise as to the level of production, whether the quantity produced is too large or too small, and whether NWNA had produced the documents in computer format.  The reason that Plaintiffs ask that the information be provided in computer format is because they intend to use date management technology to sort and itemize the data. Using such a procedure could accelerate the document review process and the organization of information.  Plaintiffs' counsel has addressed this issue with individuals in the data management field and they believe that such a process could be applied.

After the information is reviewed and itemized Plaintiffs would be in a position to conduct and finish depositions.  The number of depositions could be high depending on the position of NWNA.  Currently, Plaintiffs envision depositions

needed as to various call center representatives as to company policy. Several such representatives have left the company. Plaintiffs would need to depose managers in the call center. While reliance should not be an issue under relevant case law, Plaintiffs may need to depose customers to demonstrate actions taken in response to calls with Nestle Waters representatives in Massachusetts. There may be additional depositions needed as well. Accordingly, Plaintiffs would ask that it be permitted to conduct numerous depositions especially in a case such as the present.

After documents have been produced Plaintiffs believe that the following schedule could be applicable assuming that production had been sufficient:

- All written discovery must be served by a date that requires written responses to be served no later than the last day for fact discovery.

- All depositions, other than expert depositions, must be completed by the last day for fact discovery.

**D. Expert Discovery.** The parties will advise the Court as to the necessity of expert discovery to be conducted at the conclusion of fact discovery.

<u>**Defendants**</u>: Defendants propose the following schedule:

i. Plaintiffs' experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by December 17, 2018.

ii. Defendants' experts must be designated and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by January 14, 2019.

iii. All expert depositions must be completed by January 25, 2019.

<u>**Plaintiffs**</u>: Plaintiffs do not agree with the referenced dates. The dates should be following the close of discovery.

E.  **Status Conference**. A status conference will be held as ordered by the Court. Plaintiffs submit that such a conference be conducted following the production of documents by NWNA if any issues have arisen.  A second conference should occur after the close of fact discovery.

F.  **Class Certification Motions**

   <u>Defendants</u>**:** Defendants propose the following schedule:

   i.  Plaintiffs' motion for certification of the class must be filed no later than February 1, 2019.

   ii.  Opposition to a motion for certification of the class must be served no later than 60 days after filing of the motion.

   <u>Plaintiffs</u>: Plaintiffs do not agree with the referenced dates.  The dates need to follow the relevant discovery cut-off and other relevant dates.

G.  **Dispositive Motions**.

   <u>Defendants</u>: Defendants propose the following schedule:

   i.  Dispositive motions, including motions for summary judgment, must be filed no later than July 1, 2019.

   ii.  Oppositions to dispositive motions must be filed in accordance with the time permitted by the Federal Rules of Civil Procedure.

   <u>Plaintiffs</u>: Plaintiffs do not agree with the referenced dates.

H.  **Initial Pretrial Conference.** An initial pretrial conference will be held on a date set by the Court.  The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five (5) business days prior to the date of the conference.

**III.**    **Certifications**

L.R. 16.1(D)(3) certifications of the parties will be filed separately.


Respectfully submitted,


*Plaintiffs,*                                                          *Defendants,*

ALEXIS GEIS, individually and on behalf of          NESTLÉ WATERS NORTH AMERICA
all others similarly situated, KARA LYNDON          INC., and SCOTT KELLY
and TIFFANY MORRIS,

By their attorney,                                               By their attorneys,


                                                                         /s/ Lisa S. Burton
/s/ Christopher J. Trombetta                               Lisa Stephanian Burton (BBO #562096)
Christopher J. Trombetta (BBO #556923)          Nailah A. Freeman (BBO #695910)
LAW OFFICE OF CHRISTOPHER J.                  OGLETREE, DEAKINS, NASH, SMOAK &
TROMBETTA                                                     STEWART, P.C.
121 North Main Street, Ste. 12                           One Boston Place, Suite 3500
Mansfield, MA 02048                                         Boston, MA 02108
(508) 339-5900 (telephone)                               Telephone:  (617) 994-5700
(508) 339-3111 (facsimile)                                Email:  lisa.burton@ogletree.com
chris@trombettalaw.com                                    Email:  nailah.freeman@ogletree.com


                                                                         Michael Kendall (BBO # 544866)
                                                                         Lauren M. Papenhausen (BBO #655527)
                                                                         WHITE & CASE LLP
                                                                         75 State Street
DATED: March 20, 2017                                  Boston, MA 02109
                                                                         Telephone: (617) 979-9300
                                                                         Email:  michael.kendall@whitecase.com
                                                                         Email: lauren.papenhausen@whitecase.com

                                                                         Bryan A. Merryman (*Pro hac vice*)
                                                                         Julian A. Lamm (*Pro hac vice*)
                                                                         WHITE & CASE LLP
                                                                         555 South Flower Street, Suite 2700
                                                                         Los Angeles, CA 90071
                                                                         Telephone: (213) 620-7700
                                                                         Email:  bmerryman@whitecase.com
                                                                         Email:  jlamm@whitecase.com

## <u>CERTIFICATE OF SERVICE</u>

I, Lisa Stephanian Burton, hereby certify that a true copy of the above document was served on counsel for Plaintiff by and through the Electronic Case Filing System this 19th day of March, 2018.


/s/ Lisa S. Burton
Lisa Stephanian Burton

33407991.1